989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alexander R. GESSA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6148.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1993.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Alexander Raymond Gessa, a pro se federal prisoner, appeals from an order denying his motion to vacate filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Gessa pleaded guilty to operating a continuing criminal enterprise. 21 U.S.C. § 848. He received a thirty year sentence. In his motion, and on appeal, Gessa raises three issues. First, he argues that his guilty plea was induced by an offer from the United States that could not be fulfilled. Second, he argues that the district court committed error by not allowing him to withdraw his guilty plea. Third, he argues that he received ineffective assistance of counsel. Upon review, we find Gessa's arguments to be wholly without merit.
 
 
 4
 Gessa's guilty plea was entered during the third week of his trial. As part of the plea agreement, the government agreed to recommend a sentence of twenty years. As initially calculated, the sentencing guidelines encompassed a twenty year sentence. Subsequently, the actual guidelines were calculated at 360 months. Gessa argued that because of this discrepancy, the government could not fulfill the plea agreement and his plea was not knowing and intelligent. We disagree. Gessa's plea was entered pursuant to Fed.R.Crim.P. 11(e)(1)(B). Under this Rule, the attorney for the government can agree to make a recommendation for a particular sentence with the understanding that such recommendation "... shall not be binding upon the court." In accepting the plea agreement, the trial court demonstrated considerable patience and thoroughness. The trial court made it clear that the twenty year recommendation was not binding upon it, and that if it did not accept the twenty year recommendation, Gessa had no right to withdraw his plea. The court indicated the maximum and minimum penalties involved, and clearly indicated to Gessa that the sentencing guidelines calculation at that time was merely an estimation and that the actual sentence could be more. The trial court was very thorough when establishing the voluntary and intelligent nature of Gessa's plea. At sentencing, the attorney for the government held to its promise by recommending that the court depart downwards from the guidelines and impose a twenty year sentence. We find no error.
 
 
 5
 Gessa's contention that he should have been allowed an opportunity to withdraw his guilty plea is without merit. When considering a guilty plea based upon Fed.R.Crim.P. 11(e)(1)(B), "the court shall advise the defendant that if the court does not accept the recommendation ... the defendant nevertheless has no right to withdraw the plea." Fed.R.Crim.P. 11(e)(2). On more than one occasion, the trial court advised Gessa that he would have no right to withdraw his plea if the court did not accept the recommendation of the government's attorney. Gessa indicated that he understood this, and voiced no complaints at sentencing.
 
 
 6
 In the guilty plea context, to sustain a claim of ineffective assistance of counsel, Gessa must show that his counsel's representation fell below an objective standard of reasonableness, and that there was prejudice. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985). We find that Gessa has demonstrated neither. At the taking of the plea, Gessa indicated that his counsel had done a "wonderful job." He indicated that he found no fault and had no complaint with his counsel. As to Gessa's argument that his counsel was ineffective because he miscalculated the sentencing guidelines, we once again indicate that the trial court made it clear that the calculation was only an estimate and that the actual sentence may be higher.
 
 
 7
 Accordingly, the order of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation